IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV66-1-V
5:95CR10-V

| | |
|---|---|
| DOMINIC ANTHONY DICLEMENTE )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed June 21, 2007.

For the reasons set forth below, the Court dismisses Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

## **PROCEDURAL HISTORY**

On March 7, 1995, Petitioner was indicted for conspiracy to possess with intent to distribute cocaine base; two counts of possession with intent to distribute cocaine base; and two counts of violating § 924©. On May 31, 1995, the parties filed a plea agreement with the Court. On June 16, 1995, pursuant to his written plea agreement, Petitioner entered a guilty plea at his Rule 11 Hearing.[1] On April 15, 1996, this Court sentenced Petitioner to 262 months imprisonment with five years of supervised release. On March 10, 2003, Petitioner filed a

---

[1] The Court notes that pursuant to the terms of the plea agreement, the Government dismissed two § 924© claims against Petitioner.

Motion to Vacate alleging, among other things, that his counsel had failed to file a direct appeal even though he had been requested to do so. On September 4, 2003, this Court granted Petitioner's Motion to Vacate to the extent it re-entered Petitioner's criminal judgment to allow him to directly appeal his sentence and conviction. Petitioner then directly appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On July 7, 2004, the Fourth Circuit granted the Government's Motion to Dismiss Petitioner's appeal. On December 27, 2004, Petitioner filed a petition for a writ of certiorari which the Supreme Court granted on or about February 28, 2005. The Supreme Court then remanded this case to the Fourth Circuit in light of its decision in United States v. Booker, 125 S. Ct. 738 (2005). On November 23, 2005, the Fourth Circuit issued an opinion reinstating its July 7, 2004, judgment dismissing Petitioner's appeal. On June 26, 2006, the Supreme Court denied certiorari.

On June 21, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence alleging that his counsel was ineffective for misleading Petitioner as to his sentence and for failing to give accurate advice regarding the sentencing guidelines.

## LEGAL ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the

pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

### A. Involuntary Guilty Plea

Petitioner alleges that his guilty plea was involuntary because he received ineffective

3

assistance of counsel because his counsel misled him by informing him that if he signed the plea agreement he would receive a sentence of 84 to 120 months imprisonment. He also alleges that his counsel was ineffective because he failed to inform Petitioner about his potential base offense level or possible guideline enhancements such as career offender.

At a minimum, Petitioner cannot satisfy the prejudice prong of his claim. As demonstrated below, even if his counsel erroneously informed Petitioner as to the sentence he would receive or specifics regarding guideline provisions, Petitioner cannot, in light of the terms of his plea agreement and his answers under oath at his plea and sentencing hearings, establish that he was prejudiced.

Petitioner's argument that he was misled into pleading guilty is belied by the record in this case. At his plea hearing[2] Petitioner swore under oath that he wanted to plead guilty. (Plea Hearing Trans. p. 4). He further swore that he understood that he was entering a guilty plea that could not later be withdrawn. (Plea Hearing Trans. p. 5). Petitioner also swore that he understood that he was pleading guilty to conspiracy to possess with intent to distribute crack cocaine and that as a result of his plea he faced a minimum of ten years and a maximum of life imprisonment. (Plea Hearing Trans. pp. 12-13). Petitioner also swore under oath that his counsel had explained how the United States Sentencing Guidelines might apply to his case and

---

[2] In reaching a decision on this case the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding). Petitioner tries to avoid this result by citing to the case of United States v. White, 366 F.3d 291 (4th Cir. 2004). However, in the instant case, Petitioner does not cite any, and this Court does not find any, "extraordinary circumstances"comparable to those set forth in the White case. Rather, this Court finds the Fourth Circuit's holding in United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005) to be more instructive.

that he understood that the Court would not be able to determine his sentencing range until after his pre-sentence report was written. (Plea Hearing Trans. pp.13-14). He also swore that he understood that if the sentence he received was harsher than he expected he would still be bound by his plea agreement. (Plea Hearing Trans. p. 14-15). Petitioner swore that he was in fact guilty of the charge to which he pled guilty. (Plea Hearing Trans. pp. 17-18 ). Petitioner swore that no one had threatened, intimidated, or forced him into entering his plea agreement or his guilty plea. (Plea Hearing Trans. p. 32 ). Significantly, Petitioner also swore that no one had made him any promises outside of the terms set forth in his plea agreement. (Plea Hearing Trans. p. 32). Finally, Petitioner indicated that he was satisfied with his attorney's services. (Plea Hearing Trans. pp. 32-33 ). The magistrate judge then asked Petitioner if he had heard and understood all of the plea hearing proceedings and whether he still wished to plead guilty. Petitioner responded in the affirmative. (Plea Hearing Trans. p. 33 ). At the conclusion of his plea hearing, the magistrate judge asked Petitioner whether he had any questions or statements that he would like to make – Petitioner responded "no." (Plea Hearing Trans. p. 34).

Further buttressing the conclusion that Petitioner knowingly entered his plea are the explicit written terms of Petitioner's plea agreement. That is, Petitioner's plea agreement sets forth that he was subject to a statutory minimum sentence of ten years and a statutory maximum sentence of life imprisonment. (Plea Agr. ¶ 3). In addition, Plaintiff's plea agreement sets forth that "defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum." (Plea Agr. ¶ 3)(emphasis added). At his Plea Hearing, Petitioner swore

under oath that he had signed his Plea Agreement. (Plea Hearing Trans. pp. 31-32).

At his sentencing hearing, the Court concluded that Petitioner had entered his plea knowingly and voluntarily, with an understanding of the charges, potential penalties, and consequences of his plea. (Sent. Hearing Trans. pp. 5-6). Petitioner also indicated that he had reviewed the presentence report with his counsel. (Sent. Hearing Trans. p. 6). Petitioner did not voice any objection or surprise at being classified as a career offender despite being given an opportunity to address the Court. (Sent. Hearing Trans. p. 15).

Based upon the representations of Petitioner at his Rule 11 Hearing and his Sentencing Hearing, and the record in this case, the Court concludes that, regardless of what his counsel may have told him about what kind of sentence he would receive, Petitioner understood the terms of his plea such that his plea was entered knowingly and voluntarily. Consequently, he cannot establish the requisite prejudice and his ineffective assistance of counsel claim, based upon an alleged involuntary guilty plea is denied.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: July 12, 2007

Richard L. Voorhees
United States District Judge